51 F.3d 281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maria Guadalupe OSORIO-DELGADO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70413.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 5, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maria Guadalupe Osorio-Delgado, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the decision of an immigration judge ("IJ") and denying her application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Secs. 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 Because the BIA clearly incorporated the IJ's decision, "we treat the IJ's statement of reasons as the BIA's and review the IJ's decision for abuse of discretion." Alaelua v. INS, No. 93-70868, slip op. 1175, 1181 (9th Cir. Jan. 30, 1995). "The factual findings underlying the decision are reviewed for substantial evidence, and the IJ's determination should not be reversed absent compelling evidence of persecution." Kazlauskas v. INS, No. 92-70665, slip op. 1059, 1064 (9th Cir. Jan. 27, 1995).
 
 
 4
 The Attorney General has discretion to grant asylum if the alien is a "refugee." See 8 U.S.C. Sec. 1158(a). Aliens qualify as refugees if they are unable or unwilling to return to their country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1101(a)(42)(A). Asylum applicants must establish a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The burden is on the alien to meet this standard. See 8 C.F.R. Sec. 208.13.
 
 
 5
 Here, Osorio-Delgado contends that the IJ abused his discretion in denying her asylum application because she established a showing of past persecution or a well-founded fear of future persecution. This contention lacks merit.
 
 
 6
 In support of her persecution claim, Osorio-Delgado testified that her immediate family was associated with the Somoza government. Her brother, Ernesto Jose Osorio-Delgado ("Ernesto"), worked for the Somoza police. Osorio-Delgado believes that Ernesto's death in 1981 was due to foul play at the hands of the Sandinistas, despite the official death certificate stating that he drowned. Osorio-Delgado failed to substantiate this claim.
 
 
 7
 Osorio-Delgado's other brother, Reynaldo Osorio-Delgado ("Reynaldo") refused to report for military service and was detained by the Sandinistas from approximately from 1982 to 1984. Reynaldo currently resides in Nicaragua, as do Osorio-Delgado's parents.
 
 
 8
 Osorio-Delgado also indicated that she was employed until June 1985 when she was fired due to her alleged refusal to take part in union activities. She entered the United States without inspection approximately six months later. Osorio-Delgado admits that one reason she came to the United States was for the economic opportunity so that she could assist her family in Nicaragua.
 
 
 9
 Osorio-Delgado was never arrested or detained by the Sandinistas and she remained in Nicaragua several years after her brother Ernesto's death. Osorio-Delgado also testified that her parents and Reynaldo still live in Nicaragua, and that none of them have been harmed in any way. Accordingly, there was substantial evidence on the whole record supporting the IJ's determination that Osorio-Delgado's fear of persecution is not well-founded. See Kotasz v. INS, 31 F.3d 847, 851 (9th Cir.1994).
 
 
 10
 Because the standard for withholding of deportation is higher than the standard for a grant of asylum, and Osorio-Delgado has failed to meet the lower standard for a grant of asylum, we affirm the IJ's denial of Osorio-Delgado's request for withholding of deportation. Acewicz, 984 F.2d at 1062.
 
 PETITION DENIED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The BIA's grant of thirty days for voluntary departure will begin to run on the date of the issuance of our mandate in this case. See Contreras-Aragon v. INS, 852 F.2d 1088, 1097 (9th Cir.1988) (en banc) (where the court of appeals affirms the BIA's deportation order, the period for voluntary departure by the BIA does not begin to run until the issuance of the appellate mandate)